**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Calvin Gibson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN GIBSON, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF RIVERSIDE; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1. Violation Of Fourth Amendment - Unlawful Seizure Of Person; <br> 2. Violation of Fourth Amendment – Excessive Force; <br> 3. Municipal Liability – Failure to Train and/or Discipline; <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Calvin Gibson and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      Plaintiff's claims are timely brought as the statute of limitations were tolled for much more than one day. First, the California Judicial Council enacted Emergency Rule 9 which tolled the statute of limitations for all civil actions from April 6, 2020 to October 1, 2020. Second not long after the incident complained of, Plaintiff left the state of California and has resided in the state of Arizona ever since (much more than one day.) Third, Plaintiff was in the custody of the Riverside Sheriff's department on October 14, 2018. Finally, Plaintiff was incapacitated as a result of the incident complained of in this action. Immediately after the incident complained of, Plaintiff was hospitalized for treatment for a traumatic brain injury caused by the DOE defendants in this matter and suffered several strokes as a result of the incident complained of in this action.

## **GENERAL ALLEGATIONS**

4.      Plaintiff Calvin Gibson, hereinafter referred to as "GIBSON" or "Plaintiff GIBSON", is a natural person.

5.      The incident complained of in this action took place in the County of Riverside.

6.      Defendant County of Riverside, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.      Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Riverside County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers

COMPLAINT FOR DAMAGES

and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Riverside County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

9.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Riverside County Sheriff's Department and/or defendant County of Riverside, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Riverside County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) for using excessive force on persons; 3) unlawful entry and searches of residences; 4) fabricating evidence; and 5) covering up tortious conduct by Riverside County Sheriff's Department peace officers.

10.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Riverside County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

11.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Riverside County Sheriff's Department and/or otherwise with defendant COUNTY[1].

14.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

_____

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

5

15.     In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

16.     Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

17.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants QUENAULT, DENNEY, DOULHITT and DOES 1**
**through 6, inclusive)**

18.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

19.     On October 14, 2020, Plaintiff GIBSON was inside of his recreational vehicle (his home) while sitting on his coach and petting his dog when he heard someone moving around the rear of his RV.

20.     GIBSON asked the person what they wanted and the person responded that he (GIBSON) did not have a license plate.

21.     The people near the rear of the RV were DOES 1 through 6, inclusive, who were all Riverside County Sheriff's Deputies.

22.     GIBSON responded that he knew that the license plate was missing because they were stolen. GIBSON then asked, "Who wants to know?" GIBSON did not receive a response.

23.     GIBSON then got up and began putting his harness on his service dog in preparation of opening the door to the RV.

24.     DOES 1 through 6, inclusive, then said, "You know you can't drive it." GIBSON responded, "I will be right out. Give me a minute to put my shoes on and put a leash on my service animal."

25.     GIBSON then pushed open the door of his RV and DOES 1 through 6, inclusive, immediately grabbed GIBSON and threw him to the asphalt. GIBSON his head on the asphalt. GIBSON was then in and out of consciousness.

26.     GIBSON was then able to sit up on the curb and tell DOES 1 through 6, inclusive, that he was submitting and that they didn't need to do this to him.

27.     DOES 1 through 6, inclusive, then took him back down to the ground and began punching GIBSON in the head and body several times. GIBSON again went in and out of consciousness.

28.     DOES 1 through 6, inclusive, then handcuffed GIBSON.

29.     Paramedics then arrived on scene and took GIBSON to Temecula Valley Hospital where he received treatment for his injuries.

30.     DOES 1 through 6, inclusive then caused GIBSON's RV to be impounded.

31.     As a result of the unlawful beating by DOES 1 through 6, inclusive, GIBSON suffered a traumatic brain injury, lacerations to the face and broken ribs.

32.     GIBSON has since suffered a series of strokes following the unlawful force by DOES 1 through 6, inclusive.

33.     As complained of herein above, none of the defendants to this action had a warrant for GIBSON's arrest, nor probable cause to believe that GIBSON had committed a crime, nor reasonable suspicion that GIBSON was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by GIBSON.

34.     Accordingly, the seizure of GIBSON by Defendants DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of GIBSON, in violation of her rights under the Fourth Amendment to the United States Constitution.

COMPLAINT FOR DAMAGES

8

35.    As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, GIBSON: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

36.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of GIBSON's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $1,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### (Against DOES 1 through 6, inclusive)

37.    Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 36 inclusive, above, as if set forth in full herein.

38.    As mentioned above and in addition to the above and foregoing, when GIBSON was unlawfully arrested, he was physically brutalized by DOES 1 through 6, inclusive.

39.    The actions of Defendants DOES 1 through 6, inclusive, as

COMPLAINT FOR DAMAGES

complained above herein, constituted a violation of GIBSON's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

40.     As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, GIBSON was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00.

41.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GIBSON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $1,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR**
**FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendants COUNTY)**

42.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

43.     As complained of herein above, the acts of defendants DOES 1 through 6, inclusive, deprived Plaintiff of his rights under the laws of the United States and The United States Constitution.

44.     The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiff, including knowing what conduct rises to the level of probable cause to arrest and knowing what level of force can be used against an individual.

45.     COUNTY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

46.     The failure of COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOES 1 through 6, inclusive.

47.     COUNTY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff's injuries.

48.     As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated

litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b)  For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $1,000,000.00;

c)  For an award of reasonable attorney's fees and costs;

d)  For a trial by jury; and

e)  For such other and further relief as this honorable court deems just and equitable.

_____/S/_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES